**Patricia FAHL, natural Mother of Jeremy Derron Fahl, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, DEPARTMENT OF the INTERIOR; National Park Service, Defendants.**

**No. CIV 91–0350–PCT–EHC.**

United States District Court, D. Arizona.

March 6, 1992.

Michael B. Scott, Crowe & Scott, P.A., Phoenix, Ariz., for plaintiff.

Richard G. Patrick, Linda A. Akers, U.S. Attorney's Office, Phoenix, Ariz., Stuart M. Gerson, Paul F. Figley, Jeffrey L. Karlin, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

CARROLL, District Judge.

Plaintiff's decedent Jeremy Derron Fahl, was visiting the Grand Canyon with his brother Kevin on July 1, 1989. The brothers made reservations to eat dinner at the Bright Angel Lodge at 9:45 P.M. and they went their separate ways planning to meet at the restaurant for their reservation. Jeremy failed to appear at the restaurant at the appointed time and Kevin began to search for him. When Jeremy was still missing the following morning, Kevin reported him missing to the park ranger station. The rangers organized a search and Jeremy's body was found the following day, July 3, 1989. He had fallen approximately 310 feet, striking a tree along the way, and died as a result of massive head trauma.

Patricia Fahl, Decedent's mother, brought a wrongful death action against the United States of America, the Department of the Interior and the National Park Service. Her complaint alleges that the Defendants owed a duty to Decedent to maintain the Grand Canyon National Park in a manner reasonably safe for tourists, including owing Plaintiff's decedent a duty to adequately maintain, sign, regulate and/or control areas used by tourists in the Grand Canyon. Specifically, Plaintiff alleges that the Defendants acted negligently and/or willfully with respect to the design, signing, marking, construction, maintenance, regulation and/or control of the park (particularly with respect to the area on the South Rim from which decedent fell) against the dangers and risks of serious harm caused by the inadequate lighting, inadequate fencing and inadequate warnings in and near the area from which the decedent fell.

Defendants filed their answer with the Court on May 16, 1991.

On September 18, 1991, Defendants filed a motion to Dismiss Plaintiff's complaint. Their Motion to Dismiss is based on three grounds. First, they move to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure claiming that this Court lacks subject matter jurisdiction over the claims in the complaint because the government's conduct in this case falls within the discretionary function exception to the Federal Tort Claims Act (FTCA). Secondly, Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff has failed to state a claim for which relief can be granted. Finally, Defendants contend that under Title 28 U.S.C. § 2671, the Court lacks subject matter jurisdiction over the claims against the Department of the Interior and the National Park Service because the only proper defendant to a suit under the FTCA is the United States. Because, the Court can decide this motion on the first ground, a discussion of the merits of Defendants' other grounds is unnecessary.

Defendant contends that this Court lacks subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure over the allegations in Plaintiff's complaint because Defendant's conduct was shielded by the so called "discretionary function" exception to liability under the FTCA.

The FTCA was originally enacted to ameliorate the harsh consequences of absolute sovereign immunity for the actions of the federal government, its agents and employees. While choosing to expose itself to some forms of tort liability, there are a number of exceptions under which the Federal Government claims immunity from liability.

Under 28 U.S.C. § 2680(a) actions of government employees are shielded from liability when they are performing discretionary functions. The provision exempts government liability for:

a) Any claim based upon any act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, *whether or not the*

*discretion involved be abused.* (emphasis added)

The government contends that its actions with regard to the upkeep of Grand Canyon National Park fall within this exception to the FTCA.

In support of this proposition, the government cites Title 16 U.S.C. § 1 as their statutory mandate for treatment of the park. That provision describes the National Park Service's purpose as to "conserve the scenery and the natural and historical objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations." 16 U.S.C. § 1.

Plaintiff argues, in response, that the discretionary function exception should not apply in this case because once the Park Service has undertaken a program of providing warnings, fences and lighting in certain areas of the Grand Canyon National Park, it is responsible to do so everywhere in the Park where danger could be comprehended. In essence, Plaintiff argues that once Defendant has undertaken a safety program, it is negligent if it fails to administer that program equally throughout the park.

■ The initial inquiry in the analysis of the discretionary function exception is to examine the nature of the conduct. In *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988) the Supreme Court explained, "a court must first consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception, conduct cannot be discretionary unless it involves an element of judgment or choice." Thus, if the defendant's conduct was mandated by a rule or regulation, the exception does not apply. If however, the decision was left to the discretion of the actor and it was grounded in considerations of "social, economic or political policy", the exception will apply. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984).

■ In the instant case, the government argues that its decisions about whether, and where, to place warning signs, lights and guardrails were matters of choice left to the Park Service under the policy mandate of 16 U.S.C. § 1 which did not provide any specific instructions or directions for the National Park Service to follow. The government further argues that the Park Service's decisions in that regard are grounded in political, social and economic policy considerations namely to preserve the Grand Canyon National Park while also providing access to the park for recreational and other purposes.

To provide support for its arguments that the decisions made with regards to the safety features at the Grand Canyon National Park should be shielded by the discretionary function exception, the government cites a myriad of cases wherein courts have concluded that National Park Service decisions in regard to guardrails, fences and warning signs are discretionary in nature, involving both judgment and considerations of public policy. The Ninth Circuit has held that the decision not to install a guardrail on a road built through Denali National Park was discretionary because the Park Service's policies required roads to be aesthetically pleasing. *ARA Leisure Services v. United States*, 831 F.2d 193, 197 (9th Cir.1987).

Plaintiff argues that the National Park Service's decision in this case cannot be likened to the situations in Defendant's cited case law. Although Plaintiff concedes that the Park Service's actions were discretionary, she contends that once the Park Service made the policy decision to warn and safeguard visitors, it is liable if it breaches that duty. Plaintiff has failed to allege any facts in support of her position that Park Service officials and/or employees had adopted a safety policy which they failed to carry out. Further, it appears perfectly feasible that the Park Service would make a policy judgment that certain areas were in need of warnings and guardrails and certain areas were not. Plaintiff further argues that these actions should not be shielded by the exception because

they do not involve policymaking decisions but rather involve operational activity.

Recently, the United States Supreme Court has clarified its position on the scope of the discretionary function exception. *United States v. Gaubert,* —— U.S. ——, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In *Gaubert* the Court further defined a discretionary act:

> ... A discretionary act is one that involves choice or judgment; there is nothing in that description that refers exclusively to policymaking or planning functions.... Discretionary conduct is not confined to the policy or planning level....

111 S.Ct. at 1275. Therefore, conduct by the government at the operational level is also protected by the discretionary function exception as long as the decision was grounded in social, economic or political policy.

█ The second prong of the discretionary function inquiry is whether the conduct, if found to be discretionary, is the type of conduct which the exception was designed to shield. *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1959. Plaintiff correctly asserts that there is some conduct to which the discretionary function exception is not meant to apply. For instance in *ARA,* the 9th Circuit found that while the decision not to place a guardrail on the road was a discretionary function, the failure of the Park Service to adequately maintain the road was not protected by the exception. 831 F.2d at 194. In *Summers v. United States,* 905 F.2d 1212 (9th Cir.1990), the Ninth Circuit held that the National Park Service's failure to discover and warn about the dangers of hot coals in man-made fire pits at a recreation area maintained by the Park Service did not fall within the discretionary function exception. The court found that the failure to post signs warning about the hot coals was more "a departure of safety considerations ... than a mistaken judgment in a matter clearly involving choices among political, economic and social factors". However, in the instant case, Plaintiff has not alleged any facts which demonstrate that the Park Service negligently performed any duty which it set out to undertake, nor that the Park Service itself created the hazard as in *Summers.* Requiring the Park Service to place guardrails and warnings at every conceivably dangerous place in the park would certainly conflict with the avowed policy of attempting to interfere as little as possible with nature in addition to being an extremely costly undertaking.

In *Gaubert,* the Supreme Court enunciated a standard for lower courts to apply when a case involving the discretionary function exception comes before it on a motion to dismiss:

> For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the alleged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by a statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

111 S.Ct. at 1274–5.

█ Defendant has contended that its decision was a permissible policy decision of the type meant to be protected by the exception because it was based on social, political or economic factors. Defendant has carried its burden of proof with regards to demonstrating that the failure to post warning signs or guardrails was a permissible exercise of judgment under the exception. Plaintiff has conceded that the actions of the government in the instant case were discretionary actions. Therefore, even if Plaintiff had demonstrated that the government exercised its discretion in a negligent manner, the government's action would still be shielded from liability as 28 U.S.C. § 2680(a) protects discretionary acts "whether or not such discretion be abused."

Accordingly,

IT IS ORDERED granting Defendant's Motion to Dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure (dkt. # 7), without preju-
dice.