**Brigid MAKIRI, an individual, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 06–55175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 14, 2007.

Clinton M. Hodges, Esq., Woodland Hills, CA, for Plaintiff–Appellant.

USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and TRAGER *, Senior Judge.

## MEMORANDUM **

Brigid Makiri appeals the district court's grant of summary judgment in favor of the United States. The district court held that it lacked subject matter jurisdiction over Makiri's complaint on the basis of the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Because the parties are familiar with the facts of the case, we do not recite them here. We agree with the district court's analysis and conclusion that the conduct challenged here is protected by the discretionary function exception to the FTCA. The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment. 28 U.S.C. § 2672. The discretionary function exception, however, provides a limited restoration of this immunity for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The Supreme Court in *Berkovitz* set out a two-prong test for analyzing whether governmental decisions or actions are protected by the discretionary function exception. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). The first prong of the analysis is an inquiry into whether the governmental functions at issue involved an "element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). The requirement of discretion or judgment is not satisfied if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," because "the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. The National Park Service's ("NPS") decisions regarding the appropriate manner and timing of the placement, inspection and maintenance work of the Half Dome cables did involve an element of judgment or choice. The statutes, policies, directives and other documents relied upon by Makiri are either inapplicable to the Half Dome cables [1] or do not create a mandatory and "specifically prescribed federal policy" for NPS personnel to follow. *Cf. Faber v. United States*, 56 F.3d 1122, 1126 (9th Cir.1995).

The second prong of the *Berkovitz* test queries whether the discretionary decisions in question are "based on considerations of public policy." *Berkovitz*, 486 U.S. at 537, 108 S.Ct. 1954. The exception is applicable so long as the decision is a "permissible exercise of policy judgment." *Id.* The Organic Act, which established the NPS and created its authority over the maintenance of national parks, grants broad discretion to the NPS to balance the often competing policy goals of conservation, access, and safety. *See* 16 U.S.C. § 1. The decision as to placement, inspec-

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We also deny Makiri's October 25, 2007 "Request for Judicial Notice" of a portion of the Department of Interior Department Manual Series, a document that was not presented to the district court.

tion, and maintenance of the Half Dome Cables resulted from discretion exercised in pursuit of that broad mandate, and was thus covered by the discretionary function exception. *See Childers v. United States,* 40 F.3d 973, 974–76 (9th Cir.1994).

AFFIRMED.