**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SETH BURNS,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 18-15014

D.C. No. 3:16-cv-08033-NVW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 11, 2019
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

Seth Burns appeals the district court's entry of summary judgment in favor

of the United States on the ground that it lacked subject matter jurisdiction. We

have jurisdiction to review the district court's order under 28 U.S.C. § 1291.

---

   *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in concluding that the discretionary function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a), applied to Burns's claims. First, the decision whether to temporarily close Forest Road 557 "involve[d] an element of judgment or choice." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (internal quotation marks omitted). Burns did not identify any federal statute, regulation, or policy that required Forest Service officials to close Road 557. Burns points to 36 C.F.R. § 212.52(b)(2), but that regulation requires closure of a National Forest System road only "[i]f the responsible official determines that motor vehicle use" on such a road is causing or will cause "considerable adverse effects" on public safety or the environment. Determining whether motor vehicle use is causing or will cause "considerable adverse effects" on public safety is a decision that at minimum requires a judgment about what constitutes a "considerable" effect. Nor did the relevant officials here make such a determination. Burns also points to FSM 7733.04c, but that provision of the Forest Service Manual states only that Forest Service officials have the responsibility, "[t]o the extent permitted by funding levels, [to] systematically provide for elimination of identified hazards," a standard that gives officials substantial discretion.

2

Second, the decision whether to temporarily close Road 557 (under 36 C.F.R. § 212.52(b)(2), FSM 7733.04c or otherwise) is "susceptible to policy analysis," *Terbush*, 516 F.3d at 1130, because it implicates competing interests in public safety, resource protection, and public use. Such decisions are "precisely the kind the discretionary function exception was intended to immunize from suit." *Valdez v. United States*, 56 F.3d 1177, 1180 (9th Cir. 1995) (quoting *Childers v. United States*, 40 F.3d 973, 976 (9th Cir. 1994)).

**AFFIRMED**.